# EXHIBIT A

## LOST NOTE AFFIDAVIT

STATE OF UTAH)
                    ) ss:
COUNTY OF SALT LAKE )

    Jaren French
_____, being duly sworn, deposes and says that:

1. He/she is a __Document Control Officer__ of Select Portfolio Servicing, Inc. (the "Company") and has personal knowledge of the facts set out in this Affidavit.

2. Upon information and belief, on **04/29/2004**, JOSEPH D. CATANESE   CATHY L. CATANESE (the "Borrower"), executed and delivered a promissory note (the "Note") in the principal amount of **$43,100.00** which Note is secured by a mortgage or deed of trust (the "Mortgage") on the real property and improvements located at **104 SLATE RIDGE ROAD, COATESVILLE, PA   19320** and which was duly recorded on **06/10/2004** in Book/Reel/Liber: **6185** Page/Folio: **1448** as **Instrument/Document: 10423071** in **Chester** County, a copy of which is attached hereto.

3. The Company services the Mortgage and Note for ABS REO TRUST (the "Noteholder") with Select Portfolio Servicing, Inc. as attorney in fact the successor in interest to the original holder of the Note, the current owner of the Note.

4. Though it has conducted a diligent search of the records and files maintained in connection with the Mortgage, the Company has been unable to locate the Note and believes that the Note has been lost, misfiled, misplaced, or destroyed.

5. Upon information and belief, the Noteholder was the owner of the Note when the loss of possession occurred and was entitled to enforce the Note at that time.

6. The records of the Company do not show that the Note was ever released, paid off, satisfied, assigned, transferred, pledged, hypothecated or that the Note was otherwise disposed of by the Company.

7. The Company is aware that the successors in interest, assigns and/or transferees of the original holder of the Note (collectively, the "Owner") may rely upon the statements made in this Affidavit as to the Note having been lost, mislaid, misfiled or destroyed and never having been released, paid off, satisfied, assigned, transferred, pledged, hypothecated or otherwise disposed of by the Company.

8. If the Company should ever locate the Note, the Company agrees to provide the Note to the owner of record of the Property at that time.

9. The Company hereby agrees to indemnify and hold the Borrower harmless from and against any and all losses, damages, penalties, fines, forfeitures, reasonable and necessary legal fees and related costs, judgments, and other costs and expenses resulting from any claim, demand, defense or assertion based upon, or resulting from the Company's breach of any covenant, representation or warranty contained in this Affidavit.

END OF AFFIDAVIT
ONE SIGNATURE PAGE FOLLOWS

IN WITNESS WHEREOF, the undersigned has executed this instrument on 4/9/2018, on behalf of the Company, as attorney in fact for ABS REO TRUST, with Select Portfolio Servicing, Inc. as attorney in fact.

By: _____
JAREN FRENCH
DOC CONTROL OFFICER



(SELECT PORTFOLIO SERVICING, INC. Corporate 1989 SEAL UTAH)

LOST NOTE AFFIDAVIT Page 3 of 3

STATE OF UTAH
COUNTY OF SALT LAKE

On __APR 0 9 2018__, before me, _____Shelley Malm_____, a Notary Public in and for SALT LAKE in the State of UTAH, personally appeared ___Jaren French___, ____Doc. Control Officer_____ of Select Portfolio Servicing, Inc., signing on behalf of ABS REO TRUST, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

*Shelley Malm* (signature)
Notary Expires: FEB 1 1 2021

SHELLEY MALM
Notary Public  State of Utah
My Commission Expires on:
February 11, 2021
Comm. Number: 692961

(This area for notarial seal)



RECORDER OF DEEDS

**RETURN TO**

After recording return to:
DOCU-FILE Inc.
*Title and Escrow Company*
3015 E. Skelly Dr., #253
Tulsa, OK 74105
918 742-4994

Prepared by
SOUTH COUNTY BANK
22342 AVENIDA EMPRESA
RANCHO SANTA MARGARITA, CALIFORNIA 92688



RETURN TO

## PENNSYLVANIA
## HOME EQUITY LINE OF CREDIT
## OPEN-END MORTGAGE
### (Securing Future Advances)

**THIS MORTGAGE** is made on **APRIL 29, 2004**. The mortgagor is **JOSEPH D. CATANESE** and **CATHY L. CATANESE, HUSBAND And WIFE.**

This Mortgage is given to **SOUTH COUNTY BANK**, whose address is **22342 AVENIDA EMPRESA, RANCHO SANTA MARGARITA, CALIFORNIA 92688** ("Lender"). In this Mortgage, the terms "you," "your" and "yours" refer to the mortgagor(s). The terms "we," "us" and "our" refer to the Lender.

Pursuant to a Home Equity Line of Credit Agreement dated the same date as this Mortgage ("Agreement"), you may incur maximum unpaid loan indebtedness (exclusive of interest thereon) in amounts fluctuating from time to time up to the maximum principal sum outstanding at any time of **FORTY-THREE THOUSAND ONE HUNDRED AND 00/100ths** Dollars (U.S. $43,100.00). The Agreement provides for a final scheduled installment due and payable not later than on **MAY 4, 2014**. You agree that this Mortgage shall continue to secure all sums now or hereafter advanced under the terms of the Agreement including, without limitation, such sums that are advanced by us whether or not at the time the sums are advanced there is any principal sum outstanding under the Agreement. The parties hereto intend that this Mortgage shall secure unpaid balances, future advances and all other amounts due to us hereunder and under the Agreement.

This Mortgage secures to us: (a) the repayment of the debt evidenced by the Agreement, including future advances, with interest, and all refinancings, renewals, extensions and modifications of the Agreement; (b) the payment of all other sums, with interest, advanced under this Mortgage to protect the security of this Mortgage; and (c) the performance of your covenants and agreements under this Mortgage and the Agreement. For this purpose and in consideration of the debt, you do hereby mortgage, grant and convey to us and our successors and assigns the following described property located in **CHESTER County, Pennsylvania**:

Borrower Initials _____  _____

PENNSYLVANIA (12/03)    Page 1 of 9    WFGMD

This Document Recorded
06/10/2004
10:46AM
Doc Code: MTG Chester County, Recorder of Deeds Office

Doc Id: 10423071
Receipt #: 173607
Rec Fee: 70.50

10423071
Page: 1 of 10
B-6185 P-1448

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF FOR ALL PURPOSES**

which has the address of __104 SLATE RIDGE ROAD__
__COATESVILLE__                , Pennsylvania __19320__           ("Property Address");

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Mortgage. All of the foregoing is referred to in this Mortgage as the "Property."

    YOU COVENANT that you are lawfully seized of the estate hereby conveyed and have the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. You warrant and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

YOU AND WE covenant and agree as follows:

    **1. Payment of Principal, Interest and Other Charges.** You shall pay when due the principal of and interest owing under the Agreement and all other charges due hereunder and due under the Agreement.

    **2. Application of Payments.** Unless applicable law provides otherwise, all payments received by us under the Agreement and Section 1 shall be applied by us as provided in the Agreement.

    **3. Prior Mortgages; Charges; Liens.** You shall perform all of your obligations under any mortgage, deed of trust or other security instruments with a lien which has priority over this Mortgage, including your covenants to make payments when due. You shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Mortgage, and leasehold payments or ground rents, if any. Upon our request, you shall promptly furnish to us all notices of amounts to be paid under this paragraph and receipts evidencing any such payments you make directly. You shall promptly discharge any lien (other than a lien disclosed to us in your application or in any title report we obtained) which has priority over this Mortgage.

We specifically reserve to ourselves and our successors and assigns the unilateral right to require, upon notice, that you pay to us on the day monthly payments are due an amount equal to one-twelfth (1/12) of the yearly taxes, and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth (1/12) of yearly premium installments for hazard and mortgage insurance, all as we reasonably estimate initially and from time to time, as allowed by and in accordance with applicable law.

Borrower Initials ____ ____

PENNSYLVANIA (12/03)          Page 2 of 9                          WFGMD

10423071
Page 2 of 10
B-6185 P-1448

**4. Hazard Insurance.** You shall keep the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which we require insurance. This insurance shall be maintained in the amounts and for the periods that we require. You may choose any insurer reasonably acceptable to us. Insurance policies and renewals shall be acceptable to us and shall include a standard mortgagee clause. If we require, you shall promptly give us all receipts of paid premiums and renewal notices. If you fail to maintain coverage as required in this section, you authorize us to obtain such coverage as we in our sole discretion determine appropriate to protect our interest in the Property in accordance with the provisions in Section 6. You understand and agree that any coverage we purchase may cover only our interest in the Property and may not cover your interest in the Property or any personal property therein. You also understand and agree that the premium for any such insurance may be higher than the premium you would pay for such insurance. You shall promptly notify the insurer and us of any loss. We may make proof of loss if you do not promptly do so.

We may also, at our option and on your behalf, adjust and compromise any claims under the insurance, give releases or acquittances to the insurance company in connection with the settlement of any claim and collect and receive insurance proceeds. You appoint us as your attorney-in-fact to do all of the foregoing, which appointment you understand and agree is irrevocable, coupled with an interest with full power of substitution and shall not be affected by your subsequent disability or incompetence.

Insurance proceeds shall be applied to restore or repair the Property damaged, if restoration or repair is economically feasible and our security would not be lessened. Otherwise, insurance proceeds shall be applied to sums secured by this Mortgage, whether or not then due, with any excess paid to you. If you abandon the Property, or do not answer within 30 days our notice to you that the insurer has offered to settle a claim, then we may collect and use the proceeds to repair or restore the Property or to pay sums secured by this Mortgage, whether or not then due. The 30-day period will begin when notice is given. Any application of proceeds to principal shall not require us to extend or postpone the due date of monthly payments or change the amount of monthly payments. If we acquire the Property at a forced sale following your default, your right to any insurance proceeds resulting from damage to the Property prior to the acquisition shall pass to us to the extent of the sums secured by this Mortgage immediately prior to the acquisition.

You shall not permit any condition to exist on the Property which would, in any way, invalidate the insurance coverage on the Property.

**5. Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** You shall not destroy, damage or substantially change the Property, allow the Property to deteriorate, or commit waste. You shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in our good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Mortgage or our security interest. You may cure such a default, as provided in Section 17, by causing the action or proceeding to be dismissed with a ruling that, in our good faith determination, precludes forfeiture of your interest in the Property or other material impairment of the lien created by this Mortgage or our security interest. You shall also be in default if you, during the loan application process, gave materially false or inaccurate information or statements to us (or failed to provide us with any material information) in connection with the loan evidenced by the Agreement, including, but not limited to, representations concerning your occupancy of the Property as a principal residence. If this Mortgage is on a leasehold, you shall comply with the lease. If you acquire fee title to the Property, the leasehold and fee title shall not merge unless we agree to the merger in writing.

Borrower Initials JDC  OC

PENNSYLVANIA (12/03)    Page 3 of 9    WFGMD

10423071
Page: 3 of 10
B-6185 P-1448

6. **Protection of Our Rights in the Property; Mortgage Insurance.** If you fail to perform the covenants and agreements contained in this Mortgage, or there is a legal proceeding that may significantly affect our rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then we may do, and pay for, anything necessary to protect the Property's value and our rights in the Property. Our actions may include paying any sums secured by a lien which has priority over this Mortgage or any advance under the Agreement or this Mortgage, appearing in court, paying reasonable attorney's fees, paying any sums which you are required to pay under this Mortgage and entering on the Property to make repairs. We do not have to take any action we are permitted to take under this paragraph. Any amounts we pay under this paragraph shall become additional debts you owe us and shall be secured by this Mortgage. These amounts shall bear interest from the disbursement date at the rate established under the Agreement and shall be payable, with interest, upon our request. If we required mortgage insurance as a condition of making the loan secured by this Mortgage, you shall pay the premiums for such insurance until such time as the requirement for the insurance terminates.

7. **Inspection.** We may enter and inspect the Property at any reasonable time and upon reasonable notice.

8. **Condemnation.** The proceeds of any award for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to us. If the Property is abandoned, or if, after notice by us to you that the condemnor offers to make an award or settle a claim for damages, you fail to respond to us within 30 days after the date the notice is given, we are authorized to collect and apply the proceeds, at our option, either to restoration or repair of the Property or to the sums secured by this Mortgage, whether or not then due. Unless we and you otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments payable under the Agreement and Section 1 or change the amount of such payments.

9. **You Are Not Released; Forbearance by Us Not a Waiver.** Extension of time for payment or modification of amortization of the sums secured by this Mortgage granted by us to any of your successors in interest shall not operate to release your liability or the liability of your successors in interest. We shall not be required to commence proceedings against any successor in interest, refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by you or your successors in interest. Our forbearance in exercising any right or remedy shall not waive or preclude the exercise of any right or remedy.

10. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Mortgage shall bind and benefit your successors and permitted assigns. Your covenants and agreements shall be joint and several. Anyone who co-signs this Mortgage but does not execute the Agreement: (a) is co-signing this Mortgage only to mortgage, grant and convey such person's interest in the Property; (b) is not personally obligated to pay the Agreement, but is obligated to pay all other sums secured by this Mortgage; and (c) agrees that we and anyone else who signs this Mortgage may agree to extend, modify, forbear or make any accommodations regarding the terms of this Mortgage or the Agreement without such person's consent.

11. **Loan Charges.** If the loan secured by this Mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you which exceed permitted limits will be refunded to you. We may choose to make this refund by reducing the principal owed under the Agreement or by making a direct payment to you. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Agreement.

Borrower Initials _____ _____

12. **Notices.** Unless otherwise required by law, any notice to you provided for in this Mortgage shall be delivered or mailed by first class mail to the Property Address or any other address you designate by notice to us. Unless otherwise required by law, any notice to us shall be given by first class mail to our address stated above or any other address we designate by notice to you. Any notice provided for in this Mortgage shall be deemed to have been given to you or us when given as provided in this paragraph.

13. **Governing Law; Severability.** The interpretation and enforcement of this Mortgage shall be governed by the law of the jurisdiction in which the Property is located, except as preempted by federal law. In the event that any provision or clause of this Mortgage or the Agreement conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Agreement which can be given effect without the conflicting provision. To this end the provisions of this Mortgage and the Agreement are declared to be severable.

14. **Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without our prior written consent, we may, at our option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by us if exercise is prohibited by federal law as of the date of this Mortgage.

15. **Sale of Agreement; Change of Loan Servicer.** The Agreement or a partial interest in the Agreement (together with this Mortgage) may be sold one or more times without prior notice to you. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Agreement and this Mortgage. There also may be one or more changes of the Loan Servicer unrelated to the sale of the Agreement. If there is a change of the Loan Servicer, you will be given written notice of the change as required by applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any information required by applicable law.

16. **Hazardous Substances.** You shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. You shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of Hazardous Substances in quantities that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. You shall promptly give us written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which you have actual knowledge. If you learn or are notified by any government or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, you shall promptly take all necessary remedial actions in accordance with Environmental Law. As used in this Mortgage, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this Mortgage, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

Borrower Initials _____ _____

PENNSYLVANIA (12/03)    Page 5 of 9    WFGMD

10423071
Page 5 of 10
B-6185 P-1448

17. **Acceleration; Remedies.** You will be in default if (1) any payment required by the Agreement or this Mortgage is not made when it is due; (2) we discover that you have committed fraud or made a material misrepresentation in connection with the Agreement; or (3) you take any action or fail to take any action that adversely affects our security for the Agreement or any right we have in the Property. If a default occurs (other than under paragraph 14 hereof, unless applicable law provides otherwise), we will give you notice specifying: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform you of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense you may have to acceleration and foreclosure. If the default is not cured as specified in the notice, we, at our option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. We shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees as permitted by applicable law, but not to exceed 20% of the amount decreed for principal and interest and costs of title evidence.

18. **Discontinuance of Enforcement.** Notwithstanding our acceleration of the sums secured by this Mortgage under the provisions of Section 17, we may, in our sole discretion and upon such conditions as we in our sole discretion determine, discontinue any proceedings begun to enforce the terms of this Mortgage.

19. **Release.** Upon your request and payment of all sums secured by this Mortgage, we shall discharge and satisfy this mortgage without charge to you. You shall pay any recordation costs.

20. **Additional Charges.** You agree to pay reasonable charges as allowed by law in connection with the servicing of this loan including, without limitation, the costs of obtaining tax searches and subordinations. Provided, however, that nothing contained in this section is intended to create and shall not be construed to create any duty or obligation by us to perform any such act, or to execute or consent to any such transaction or matter, except a release of the Mortgage upon full repayment of all sums secured thereby.

21. **Waivers.** You, to the extent permitted by applicable law, waive and release any error or defects in proceeding to enforce this Mortgage, and hereby waive the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption. No waiver by us at any time of any term, provision or covenant contained in this Mortgage or in the Agreement secured hereby shall be deemed to be or construed as a waiver of any other term, provision or covenant or of the same term, provision of covenant at any other time.

22. **Reinstatement Period.** Your right to reinstate described in a notice to be provided to you pursuant to Section 17 above, shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Mortgage.

23. **Purchase Money Mortgage.** If any of the debt secured by this Mortgage is lent to you to acquire title to the Property, this Mortgage shall be a purchase money mortgage.

24. **Interest Rate After Judgment.** You agree that the interest rate payable after a judgment is entered on the Agreement or in an action of mortgage foreclosure shall be the rate payable from time to time under the Agreement.

25. **Riders to this Mortgage.** If one or more riders are executed by you and recorded together with this Mortgage, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Mortgage as if the rider(s) were part of this Mortgage.

☐ Condominium Rider  ☐ 1-4 Family Rider
☒ Planned Unit Development Rider  ☐ Other(s) (specify)

Borrower Initials ___JOc___  ___CPC___

PENNSYLVANIA (12/03)    Page 6 of 9    WFGMD

10423071
Page 6 of 10
B-6185 P-1448

**IN WITNESS WHEREOF,** you have hereunto set your hand and seal the day and year first above written.

Witnesses:



_Stacey D. Miller_

as to both

_____ JOSEPH D. CATANESE (Seal)

_____ CATHY L. CATANESE (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

PENNSYLVANIA (12/03)    Page 7 of 9    WFGMD

10423071
Page 7 of 10
B-6185 P-1448

State of __PENNSYLVANIA__
County of __CHESTER__

On this __29th__ day of __April__, __2004__, before me, __Stacey D. Miller__ the undersigned officer, personally appeared JOSEPH D. CATANESE and CATHY L. CATANESE known to me (or satisfactorily proven) to be the person whose name __s__ subscribed to the within instrument and acknowledged that __they__ executed the same for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal.

Name: Stacey D. Miller
Title of Officer: Notary Public

My commission expires: 11-10-07

NOTARIAL SEAL
STACEY D MILLER
Notary Public
TOWNSHIP OF LONDON GROVE, CHESTER CNTY
My Commission Expires Nov 10, 2007

PENNSYLVANIA (12/03)        Page 8 of 9        WFGMD

10423071
Page 8 of 10
B-6185 P-1448

Unofficial Copy

## CERTIFICATE OF RESIDENCE OF MORTGAGEE

I do hereby certify that the precise address and principal place of business of the within named mortgagee is:
SOUTH COUNTY BANK
26522 La Alameda, Suite 290
Mission Viejo, Ca 92691

SOUTH COUNTY BANK

Clerk:   Please return to:
SOUTH COUNTY BANK
22342 AVENIDA EMPRESA
RANCHO   SANTA MARGARITA, CALIFORNIA
92688

PENNSYLVANIA (12/03)   Page 9 of 9   WFGMD

10423071
Page 9 of 10
B-6185 P-1448

EXHIBIT "A"

ALL that certain lot or piece or ground, situate in the Township of Sadsbury, County of Chester and State of Pennsylvania, bounded and described according to a Plan of "QUARRY RIDGE" dated November 3, 1997, and recorded in Chester County Plan File Number 15071, as follows, to wit:

Beginning at a point on the Southerly side of Slate Ridge road a corner of Lot No. 34 as shown on said plan; thence extending from said beginning point along Lot No. 34, South 18 degrees 38 minutes 57 seconds East, 113.47 feet to a point, thence extending South 77 degrees 05 minutes 35 seconds West, 63.81 feet to a point; thence extending South 85 degrees 57 minutes 18 seconds West 64.79 feet to a point, a corner of Lot No. 36; thence extending along the same North 12 degrees 00 minutes 03 seconds West 112.80 feet to a point of curve on the Southerly side of Slate Ridge road aforesaid; thence extending along the same the (2) following courses and distances: (1) on the arc of a circle curving to the left having a radius of 175 feet the arc distance of 20.31 feet to a point of tangent; and (2) North 71 degrees 21 minutes 03 seconds East, 92.90 feet to the first mentioned point and place of beginning.

Being Lot Number 35 as shown on said Plan.
Being UPI No. 37-4-53.35

Being and intended to be the same premises conveyed to Joseph D. Catanese and Cathy L. Catanese, husband and wife by deed of NVR, Inc., dated February 28, 2001, and recorded March 26, 2001, Book 4918, Page 233, Chester County, Pennsylvania.

10423071
Page: 10 of 10
B-6185 P-1448


RECORDER OF DEEDS

# CORPORATION ASSIGNMENT OF MORTGAGE 37-029

### PENNSYLVANIA

FOR VALUE RECEIVED, the undersigned corporation hereby grants, assigns and transfers to:
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
organized and existing under the laws of Delaware
G4318 Miller Road, Flint MI 48501-2026

All beneficial interest under that certain Mortgage, dated APRIL 29, 2004, executed by
**JOSEPH D. CATANESE AND CATHY L. CATANESE, HUSBAND AND WIFE**

Mortgagor

And recorded as Instrument No. 1042307/ on 06/10/04
in the Office of the County Recorder of CHESTER County, State of PENNSYLVANIA
Legal description of property: 104 Slate Ridge Road, Coatesville, PA. 19320
SEE ATTACHED LEGAL DESCRIPTION (EXHIBIT "A")
APN: 3704-0053-3500
Township of Sadsbury   property is amount: $143100.00

TOGETHER with note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage.

Corporation:
**SOUTH COUNTY BANK**

Assignment Date: 05/06/2004

22342 AVENIDA EMPRESA
RANCHO SANTA MARGARITA, CA 92688

X _____   By: _____
Witness: Jaquelyn Woodroffe          Nancy J. Fisher, First Vice President

X _____
Witness: Cathy Kissane

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO }ss:

ON 05/06/2004 Before me SHARON L. DEWALL personally appeared
**Nancy J. Fisher, First Vice President**
[ ] Personally known to me -OR- [X] proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is / are subscribed to the within instrument and acknowledged to me that he/ she/ they executed the same in his/ her/ their authorized capacity(ies), and that by his/ her/ their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
(Notary Seal Stamp)
WITNESS my hand and official seal.

X _____
SHARON L. DEWALL, NOTARY PUBLIC

SHARON L. DEWALL
Commission # 1417225
Notary Public - California
San Diego County
My Comm. Expires May 11, 2007

This Instrument was prepared by: Jaquelyn Woodroffe,
South County Bank

Job: 90799  Batch#: 50   37-029
After Recording Return To:
PEELLE MANAGEMENT CORPORATION
Assignments, P.O. BOX 50014
RENO, NV 89520-9819     RETURN TO

22342 Avenida Empresa
Rancho Santa Margarita, CA 92688

This Document Recorded
01/12/2006
11:24AM
Doc Code: ASM Chester County, Recorder of Deeds Office
Doc Id: 10614749
Receipt #: 269086
Rec Fee: 58.50

10614749
Page 1 of 2
B-6738 P-1069

EXHIBIT "A"

ALL that certain lot or piece or ground, situate in the Township of Sadsbury, County of Chester and State of Pennsylvania, bounded and described according to a Plan of "QUARRY RIDGE" dated November 3, 1997, and recorded in Chester County Plan File Number 15071, as follows, to wit:

Beginning at a point on the Southerly side of Slate Ridge road a corner of Lot No. 34 as shown on said plan; thence extending from said beginning point along Lot No. 34, South 18 degrees 38 minutes 57 seconds East, 113.47 feet to a point, thence extending South 77 degrees 05 minutes 35 seconds West, 63.81 feet to a point; thence extending South 85 degrees 57 minutes 18 seconds West 64.79 feet to a point, a corner of Lot No. 36; thence extending along the same North 12 degrees 00 minutes 03 seconds West 112.80 feet to a point of curve on the Southerly side of Slate Ridge road aforesaid; thence extending along the same the (2) following courses and distances: (1) on the arc of a circle curving to the left having a radius of 175 feet the arc distance of 20.31 feet to a point of tangent; and (2) North 71 degrees 21 minutes 03 seconds East, 92.90 feet to the first mentioned point and place of beginning.

Being Lot Number 35 as shown on said Plan.
Being UPI No. 37-4-53.35

Being and intended to be the same premises conveyed to Joseph D. Catanese and Cathy L. Catanese, husband and wife by deed of NVR, Inc., dated February 28, 2001, and recorded March 26, 2001, Book 4918, Page 233, Chester County, Pennsylvania.

10614749
Page 2 of 2
B-6738 P-1069



RECORDER OF DEEDS

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092
Parcel # 37-4-53.35

## Assignment of Mortgage

Send Any Notices To Assignee.

For Valuable Consideration, the undersigned, **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")** P.O. Box 2026, Flint, MI 48501-2026, 1901 E. Voorhees Street, Suite C, Danville, IL 61834 (Assignor) by these presents does assign, and set over, without recourse, to **PNP MANAGEMENT SERVICES V LLC  100 Quentin Roosevelt Blvd #204, Garden City, NY 11530 (Assignee)** the described mortgage with all interest, all liens, any rights due or to become due thereon, executed by **JOSEPH D. CATANESE AND CATHY L. CATANESE, HUSBAND AND WIFE** to **SOUTH COUNTY BANK**.  Said mortgage **Dated: 4/29/2004** is recorded in the State of PA, County of Chester on **6/10/2004**, as Book **6185 Page 1448 AMOUNT: $ 43,100.00**    TOWNSHIP OF SADSBURY Property Address: **104 SLATE RIDGE ROAD, COATESVILLE, PA 19320**

IN WITNESS WHEREOF, the undersigned corporation/trust has caused this instrument to be executed by its proper officer.
Executed on: **12/16/15**
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS")

By: _____
Robert Rothenberg, Vice President

The Assignee hereby certifies that the precise address of the within named PNP MANAGEMENT SERVICES V LLC is 100 Quentin Roosevelt Blvd #204, Garden City, NY 11530.

_____

DOC # 11458967 02/22/2016 10:35 AM
Receipt #:16-05578
Rec Fee: $76.00
Chester County, Recorder of Deeds

11458967   B: 9266  P: 1060   ASM
02/22/2016 10:35 AM        Page 1 of 2
ORION FINANCIAL GROUP INC

PREPARED BY & RETURN TO:
M. E. Wileman
2860 Exchange Blvd. # 100
Southlake, TX 76092
Parcel # 37-4-53.35

State of Connecticut, County of Fairfield
On 12/16/15, before me, the undersigned, personally appeared Robert Rothenberg, who acknowledged that he/she is Vice President of/ for MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") and that he/she executed the foregoing instrument and that such execution was done as the free act and deed of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") .

Notary public, Nelida Rodriguez
My commission expires: August 31, 2018



NELIDA RODRIGUEZ
Notary Public, State of Connecticut
My Commission Expires Aug. 31, 2018

11458967  B: 9266 P: 1061  ASM
02/22/2016 10:35 AM         Page 2 of 2
ORION FINANCIAL GROUP INC

5319071 Page: 1 of 2
06/25/2018 09:56:02 AM
Rec Fees: $80.75    State: $0.00
Rick Loughery Recorder of Deeds, Chester County, PA


RECORDER OF DEEDS

Prepared by:
Bill Koch
Select Portfolio Servicing, Inc.
3217 S. DECKER LAKE DRIVE
SALT LAKE CITY, UT, 84119
(800) 258-8602

When recorded return to :
Richmond Monroe Group
82 Jim Linegar LN
Branson West, MO. 65737
SPS #

## CORPORATE ASSIGNMENT OF MORTGAGE

Assignment Prepared on: February 01, 2018

**ASSIGNOR: PNP MANAGEMENT SERVICES V LLC BY NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING AS ATTORNEY IN FACT**, at 100 QUENTIN ROOSEVELT BLVD, STE. 204, GARDEN CITY, NY, 11530

**ASSIGNEE: ABS REO TRUST**, at C/O SELECT PORTFOLIO SERVICING, INC., 3217 S. DECKER LAKE DRIVE, SALT LAKE CITY, UT, 84119

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee interest under that certain Mortgage Dated: 4/29/2004, in the amount of $43,100.00, executed by JOSEPH D. CATANESE AND CATHY L. CATANESE, HUSBAND AND WIFE to SOUTH COUNTY BANK and Recorded: 6/10/2004, Instrument #: 10423071, Book: 6185, Page: 1448 in CHESTER County, State of Pennsylvania.

I do certify that the precise address of (grantee/assignee/mortgagee/etc) is C/O SELECT PORTFOLIO SERVICING, INC., 3217 S. DECKER LAKE DRIVE, SALT LAKE CITY, UT, 84119

Attested By: _____

The property is located in the Township of SADSBURY.
Property Address: 104 SLATE RIDGE ROAD, COATESVILLE, PA, 19320

Document References:
- Assignment Dated: 5/6/2004 from SOUTH COUNTY BANK to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. Recorded: 1/12/2006, Instrument #: 10614749, Book: 6738, Page: 1069
- Assignment Dated: 12/16/2015 from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") to PNP MANAGEMENT SERVICES V LLC Recorded: 2/22/2016, Instrument #: 11458967, Book: 9266, Page: 1060

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

Page: 2 of 2 / TS

PNP MANAGEMENT SERVICES V LLC BY NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING AS ATTORNEY IN FACT

On: 2/6/18

Signature: _____

Name: Ronald Friedman

Title: managing member

STATE OF New York
COUNTY OF Nassau

On 2-6-18, before me, Robin E Mayer, a Notary Public in and for Nassau in the State of New York, personally appeared Ronald Friedman, managing member, PNP MANAGEMENT SERVICES V LLC BY NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING AS ATTORNEY IN FACT, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____

Notary Expires: _____ / #: _____

PA/CHESTER

ROBIN E. MAYER
NOTARY PUBLIC, State of New York
No. 01MA4993422
Qualified in Nassau County
Term Expires March 16, 20_18

When recorded return to : RMG
Richmond Monroe Group
82 Jim Linegar LN
Branson West, MO. 65737  SPS